JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joseph Quinn
4555 Tudor Street
Philadelphia, PA 19136

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

## DEFENDANTS
New Penn Trucking Company
2304 Gerry Road
Cinnaminson, NJ 08077

County of Residence of First Listed Defendant    Burlington
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 623 et seq
Brief description of cause:
Age Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE  11/28/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH QUINN | : | |
| 4555 Tudor Street | : | |
| Philadelphia, PA 19136 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| NEW PENN TRUCKING COMPANY | : | |
| 2304 Gerry Road | : | |
| Cinnaminson, NJ 08077 | : | |
| | : | |
| Defendant | : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, JOSEPH QUINN (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, NEW PENN TRUCKING COMPANY (hereinafter "NPTC") is a foreign corporation operating under the laws of the State of New Jersey and having a principle place of business at the above captioned address.

3.      At all times material hereto, Defendant, MAG, Inc., are owners, operators, proprietors and managers of a trucking depot location at 2304 Gerry Road in Cinnaminson, New Jersey, a business.  NPTC qualifies as Plaintiff's employer under the Age Discrimination in Employment Act ("ADEA") and the New Jersey Law Against Discrimination ("NJLAD").

4.      Plaintiff has exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act and the New Jersey Law Against Discrimination.  [Exh. A.]

5.      This action is instituted pursuant to the Age Discrimination in Employment Act ("ADEA") and the New Jersey Law Against Discrimination ("NJLAD") and applicable federal law.

6.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.      Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.  Plaintiff was working in the District of New Jersey at the time of the illegal actions by Defendants as set forth herein.

**II.  Operative Facts.**

10.     On September, 2014, Plaintiff, Joseph Quinn was hired by Defendant as a dock worker .

11.     At all times, Mr. Quinn was highly qualified for this position, having approximately twenty (20) years of experience loading and unloading containers on the Delaware River docks.

12.     At the time of his termination, Mr. Quinn was the oldest of Defendant's dock workers, the closest worker in a similar position being approximately thirty-five (35) to forty (40) years old.

13.     Mr. Quinn is currently sixty (60) years old.

14.     In April of 2016, Mr. Quinn began working under a midnight supervisor.

15.     Defendant's supervisor, Joe, made several remarks to Mr. Quinn that he needed to work faster; to "pick up the pace".

16.     Mr. Quinn was working at a similar pace to the younger workers who went uncriticized by this supervisor.

17.     Mr. Quinn, who was originally hired to work for six (6) hours a day, was at this point working between ten (10) and twelve (12) hours per day.

18.     Approximately one week before he was terminated, Mr. Quinn was feeling exhausted and sick.

19.     Mr. Quinn's supervisor, Joe, asked if he needed to go home.

20.     Mr. Quinn, who was worried that due to his illness, he would begin to make mistakes, agreed that he would be going home, and additionally requested to take off the following day.

21.     Defendant, by and through Joe, approved the Plaintiff could take the day off.

22.     On May 12, 2016, after he went home sick, Mr. Quinn was called by Joe who told him not to come in, that Defendant, "was not using him anymore".

23.     Mr. Quinn was not given an official reason for his termination.

24.     To this date, he had never received any warnings or complaints, either verbal or written.

25.     Additionally, a few months prior to Plaintiff's termination, several younger, less qualified men had been hired for this same dock worker position, all of whom appeared to Plaintiff to be in their twenties.

26.     As such, New Penn Trucking Company has violated the Age Discrimination in Employment Act and the New Jersey Law Against Discrimination.

27.     Upon information and belief, a younger person was hired to Plaintiff's previous position, or, in the alternative, Mr. Quinn's job duties were subsumed by a younger dock worker.

28.     Defendants' primary motivation for terminating Plaintiff was the fact that he was over sixty (60) years old.

29.     At all times material, Defendant and its managers and supervisors were hostile to Plaintiff's age and terminated him because of his age.

30.     As a direct and proximate result of Defendants' conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III.  Causes of Action.**

### COUNT I—AGE DISCRIMINATION IN EMPLOYMENT ACT
### (29 U.S.C. § 623 et seq)

31.     Plaintiff incorporates paragraphs 1-30 as if fully set forth at length herein.

32.     At all times material hereto, and pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §623, et seq,, an employer may not discriminate against an employee based on age.

33.     Plaintiff is a qualified employee and person within the definition of Age Discrimination in Employment Act, 29 U.S.C. §623, et seq,.

34.     Defendant is an "employer" and thereby subject to the strictures of the Age Discrimination in Employment Act, 29 U.S.C. §623, et seq,.

35.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his age and constitutes a violation of the Age Discrimination in Employment Act, 29 U.S.C. §623, et seq,.

36.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

37.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

38.    Pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §623, et seq, Plaintiff demands attorneys fees and court costs.

## COUNT II – NEW JERSEY LAW AGAINST DISCRIMINATION

39.    Plaintiff incorporates paragraphs 1-38 as if fully set forth at length herein.

40.    At all times material hereto, and pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12, an employer may not discriminate against an employee based on the employee's age.

41.    Plaintiff is a qualified employee and person within the definition of the  New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

42.    Defendant is an "employer" and thereby subject to the strictures of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

43.    Defendant's conduct in terminating Plaintiff and harassing Plaintiff to move more quickly and pick up the pace constitutes a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

44.     As a proximate result of Defendant's conduct, Plaintiff sustained substantial damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

45.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

46.     Pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-, et seq, Plaintiff demands attorneys fees and court costs.

**IV.  Relief Requested.**

**WHEREFORE,** Plaintiff Joseph Quinn demands judgment in his favor and against Defendant, New Penn Trucking Company. in an amount not in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.   Punitive damages;

C.   Attorneys fees and costs of suit;

D.   Interest, delay damages; and,

E.   Any other further relief this Court deems just proper and equitable..

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110

Attorney for Plaintiff, Joseph Quinn

Date: 11/28/17

# EXH. A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Joseph Quinn<br>4555 Tudor Street<br>Philadelphia, PA 19136 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

|  | ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-00720 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you fiie suit may not be collectible.**

On behalf of the Commission

_____                    8/31/17
Spencer H. Lewis, Jr.,                      (Date Mailed)
District Director

Enclosures(s)

cc:

**NEW PENN MOTOR EXPRESS**

**Graham Baird, Esq. (for Charging Party)**

**Thomas Collingsworth, VP - Human Resources**
(for Respondent)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2602
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

Our Reference:        530-2017-00720
                      Joseph Quinn v. NEW PENN TRUCKING COMPANY


Joseph Quinn
4555 Tudor Street
Philadelphia, PA 19136


Dear Mr. Quinn:

This is with reference to your correspondence and subsequent communication with this office in which you alleged employment discrimination, in violation of the Age Discrimination in Employment Act of 1967, as amended, by the above-named Respondent.

Review of the available evidence does not establish a violation of the statute(s).  This does not certify that Respondent is in compliance with the statutes.  While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce. For this reason, we will issue you a Dismissal and Notice of Rights, which will enable you to file suit in U.S. District Court within 90 days of your receipt of that Notice if you wish to pursue this matter further.

Should you wish to obtain a copy of the administrative file for this charge, please write to the following address to make such a request. You must do so within the above-referenced 90-day period, which can be extended if you do file a lawsuit in court concerning this matter. Please be advised that there may be a fee if you make such a request for file disclosure.  Furthermore, please note that failure to receive requested documents in a timely manner does not extend the time period for filing a lawsuit.

            File Disclosure Unit
            EEOC-Philadelphia District Office
            801 Market St., Suite1300
            Philadelphia, PA 19107

We regret that we could not be of further service to you in this matter.


_____8-3 ʰᵀ_____                          Sincerely,

Date                                         _____
                                             Yulanda Grootfaam
                                             Investigator


cc: Graham Baird, Esq.